KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0971-L |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| | ) **(1) PRESERVE EVIDENCE AND COMPEL DISCOVERY; AND** |
| VICTOR EDUARDO SILVA, | ) **(2) GRANT LEAVE TO FILE FURTHER MOTIONS** |
| Defendant. | ) **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | ) Date:  June 9, 2008 |
| | ) Time:  2:00 p.m. |
| | ) Court: The Hon. M. James Lorenz |

   COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's discovery motion in the above-referenced case. Said response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//
//

# I

## STATEMENT OF THE CASE

On April 9, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Victor Eduardo Silva ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326. On April 15, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

**A.   Defendant's Apprehension**

On March 28, 2008, at approximately 12:15 a.m., Border Patrol Agent Smith responded to a call from an infrared scope operator that two subjects were heading north of the area known as "The Mesa." This area is about two miles east of the Otay Mesa Port of Entry and about two hundred yards north of the border between the United States and Mexico. Upon responding to the area, Agent Smith found two individuals concealing themselves in the high brush. Agent Smith identified himself and conducted an immigration interview. Defendant admitted to being a Mexican citizen without immigration documents. Defendant was then arrested and transported to the Chula Vista Border Patrol Station for processing.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. At approximately 5:20 a.m., Agent Smith advised Defendant of his Miranda rights. Defendant elected to invoke his right to counsel. Defendant was also advised of his right to speak to the Mexican consular office and declined.

**B.   Defendant's Criminal and Immigration History**

On or about March 3, 1998, Defendant was convicted in Los Angeles County Superior Court of attempted murder in violation of PC § 187(a). Defendant was sentenced to 11 years in prison.

On July 10, 2007, Defendant was deported from the United States to Mexico by an Immigration Judge. On March 24, 2008. Defendant's deportation order was reinstated and he was again removed from the United States to Mexico.

## III

## DEFENDANT'S MOTIONS

**A.    MOTION TO COMPEL DISCOVERY**

    **1.    Discovery in this Matter is Current**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 77 pages of discovery and one audiotape. The discovery produced to date includes the reports of Defendant's arrest, a copy of his A-file documents, his rap sheet, his aggravated felony conviction documents, and a copy of his deportation tape. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense.

    **2.    The Government Has and Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. As set forth above, the Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

To the extent Defendant requests other specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**3.   The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**
   **a.   *Arrest Reports and Notes***

The Government has provided Defendant with the report of arrest. The Government will not produce rough notes, if any exist, in Rule 16 discovery, but will have any such notes be preserved. The Government will inquire as to any video surveillance, but believes that any such video has likely already been copied over.

The Government strenuously objects to Defendant's request for "the location of all permanent remote surveillance devices" and "the names of all temporary remote surveillance operators stationed at or near the Tecate Port of Entry." [Memorandum at 3.] Defendant has provided no justification in law or in fact to support this overbroad and irrelevant request. The Government will, however, endeavor to determine the identity of the infrared scope operator involved in this case.

   **b.   *Impeachment Evidence***

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision. [Memorandum at 5.] Nor is Defendant entitled to evidence that a prospective witness has ever engaged in a criminal act or is under criminal investigation by federal, state, or local authorities. [Id.] The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

//

### c.   *Witness Lists*

Defendant has been provided with a copy of the arrest report which includes the names of the individuals who participated in Defendant's apprehension. While the Government will supply a tentative witness list with its trial memorandum, it vigorously objects to providing home addresses. See United States v. Steele, 785 F.2d 743, 750 (9th Cir. 1986); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. [Memorandum at 5.] "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).

Although the individual who was with Mr. Silva when he was arrested has since been returned to Mexico, the Government will attempt to locate that individual's form I-213.

### d.   *Personnel Records of Government Officers Involved in the Arrest*

The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call the inspectors, officers, and special agents to testify. [Memorandum at 7.] As previously noted, the Government will comply with Henthorn and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

### B.   MOTION FOR LEAVE TO FILE FURTHER MOTIONS

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## IV

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant's motion be denied.

DATED: May 17, 2008.

                                            Respectfully Submitted,

                                            KAREN P. HEWITT
                                            United States Attorney

                                            /s/ ***Nicole Acton Jones***
                                            NICOLE ACTON JONES
                                            Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR EDUARDO SILVA,<br><br>Defendant. | Criminal Case No. 08CR0971-L<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. David Peterson, Federal Defenders

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney